

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA,**

v.                                                       Criminal Action No. 3:10CR223

**CARTER TILLERY,**

        Petitioner.

## MEMORANDUM OPINION

The matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for consideration Carter Tillery's claims that:

| | |
|---|---|
| Claim I | "In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), by way of retroactive application in *Welch v. United States*, 136 S. Ct. 1257 (2016), Petitioner is no longer a Career Offender." (ECF No. 121, at 4.)[1] |
| Claim II | The decision in *Johnson* invalidated Tillery's conviction under 18 U.S.C. § 924(c) for using, carrying, and possessing a firearm during and in relation to a crime of violence. (*Id.* at 5–9.) |

### I. PERTINENT FACTUAL AND PROCEDURAL HISTORY

"[A] grand jury indicted Tillery on August 4, 2010, on two counts: (1) Hobbs Act robbery affecting interstate commerce in violation of 18 U.S.C. § 1951(a); and (2) using, carrying, and possessing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)." *United States v. Tillery*, 702 F.3d 170, 173 (4th Cir. 2012). "On December 14 and 15, 2010, a jury trial was held and Tillery was convicted of both counts. And on August 1, 2011, Tillery was sentenced to 240 months for the robbery and 120 months for the firearms charge to run consecutively for a total of 360 months...." *Id.*

---

[1] The Court employs the pagination assigned by the CM/ECF for the citations to the parties' submissions.

On April 15, 2014, Tillery filed his 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 85) wherein he raised a host of claims. By Memorandum Opinion and Order entered on June 11, 2015, the Court dismissed Petitioner's claims and denied the § 2255 Motion. (ECF Nos. 101, 102.) Tillery appealed. On June 10, 2016, the United States Court of Appeals for the Fourth Circuit remanded the matter to this Court to consider his claims that *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated Tillery's designation as a Career Offender under the Sentencing Guidelines ("USSG") and that *Johnson* invalidated his firearm conviction. (ECF No. 109.) The Government filed a Motion to Dismiss Tillery's challenge to his firearm conviction contending that it is barred by the relevant statute of limitations. (ECF No. 124.) Thereafter, Tillery filed a series of Motions to Supplement Claim on Remand, ("Motions to Supplement," ECF Nos. 129, 137, 139–41). In his Motions to Supplement, Tillery directs the Court to additional authority that he contends support his claims that Hobbs Act robbery does not constitute a crime of violence[2] and that he was improperly sentenced as a career offender. The Motions to Supplement (ECF Nos. 129, 137, 139–41) will be GRANTED to the extent that the Court will consider the arguments and authority raised therein.

In some of his Motions to Supplement and his Motion for Reduction in Term of Imprisonment as Result of Amended Guideline Range ("Motion for Reduction," ECF No. 133) Tillery contends that, in light of Amendments to the Sentencing Guidelines, the Court improperly sentenced him as a Career Offender. Once a defendant is sentenced, the Court has no inherent authority to reconsider the defendant's sentence. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009)). To the extent Tillery wishes to file a motion for a reduction in sentence under 18 U.S.C. § 3582, he

---

[2] In the Motion to Supplement I (ECF No. 129), Tillery further argues that it was error for the Court to instruct the jury that Hobbs Act robbery was a crime of violence.

may not raise challenges to his original sentence in such a motion. *See United States v. Dawkins*, 535 F. App'x 307, 308 (4th Cir. 2013) (explaining that challenges to an original conviction and sentence "are not cognizable in a § 3582 proceeding" (citing *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011))). Motions made by defendants under 18 U.S.C. § 3582 may only raise issues related to retroactive amendments to the United States Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Mann*, 435 F. App'x 254, 255 (4th Cir. 2011). Because Tillery fails to identify a retroactive amendment in his Motion for Reduction, the Motion for Reduction (ECF No. 133) will be DENIED WITHOUT PREJUDICE. Tillery remains free to file a Motion for Reduction of Sentence under 18 U.S.C. 3582(c) that properly identifies an amendment to the Sentencing Guidelines that applies retroactively. In these § 2255 proceedings, the Court will not further consider Tillery's arguments that his original designation as a Career Offender was erroneous in light of recent amendments to the Sentencing Guidelines.

As discussed below, the Court finds that all of Tillery's *Johnson* claims lack merit. *See United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and records 'show conclusively that the movant is not entitled to relief'" (quoting *United States v. Day*, 969 F.2d 39, 41–42 (3d Cir. 1992))).

Lastly, the Court notes that on May 30, 2017, Tillery filed a Motion to Clarify Judicial Error and Set Aside Judgment ("Motion to Correct," ECF No. 136). In the Motion to Correct, Tillery contends that the Court erred when it previously dismissed Claim D and denied his 28 U.S.C. § 2255.[3] As no error occurred, Tillery's Motion to Correct (ECF No. 136) will be DENIED.

---

[3] In Claim D, Tillery asserted that he was denied the effective assistance of counsel because counsel failed to anticipate the decision in *Alleyne v. United*, 570 U.S. 99 (2013) and demand that the indictment charge and the jury find the fact that he used a sawed-off shot-gun in conjunction with Count Two. *United States v. Tillery*, Nos. 3:10–CR–223, 3:14–CV–275, 2015 WL 3651144, at *7 (E.D. Va. June 11, 2015). As the Court previously explained, counsel did not "render[]

3

## II. ANALYSIS

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.[4] The *Johnson* Court concluded that the way the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

### A. Tillery's Challenge to His Firearm Conviction

Tillery contends that after *Johnson*, Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated. Although Tillery was not sentenced pursuant to ACCA, he asserts that the residual clause of § 924(c) is materially indistinguishable from the ACCA residual clause (18

---

ineffective [assistance] because he failed to anticipate a new rule of law." *Id.* (quoting *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995)).

[4] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

4

U.S.C. § 924(e)(2)(B)(ii)) that the Supreme Court in *Johnson* struck down as unconstitutionally vague.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

The United States can demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). As explained below, Hobbs Act robbery qualifies as a crime of violence under the Force Clause.[5]

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

---

[5] The Fourth Circuit recently concluded that the Residual Clause of § 924(c) is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) (en banc).

*Id.* § 1951(b)(1). The Fourth Circuit has not reached the issue of whether Hobbs Act robbery satisfies the Force Clause. Nevertheless, a defendant "who commits Hobbs Act robbery by 'fear of injury' necessarily commits it by 'fear of physical force.'" *United States v. Standberry*, 139 F. Supp. 3d 734, 738 (E.D. Va. 2015) (citation omitted). This is because "[f]ear is the operative element facilitating the taking," and "any act or threatened act which engenders a fear of injury implicates force and potential violence." *Id.* at 739 (citing *United States v. Castleman*, 572 U.S. 157, 172 (2014); *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)); *see also Castleman*, 572 U.S. at 174 (Scalia, J. concurring) ("[I]t is impossible to cause bodily injury without using force 'capable of' producing that result."). Put simply, common sense dictates that any "fear of injury" flows from the fear of physical force. Accordingly, consistent with this Court's earlier decision, *United States v. Garvin*, No. 3:13CR141, 2019 WL 1293345, at *12 (E.D. Va. Mar. 20, 2019), and decisions of many courts of appeal,[6] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence.[7]

Lastly, the Court notes that the Fourth Circuit's recent decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Tillery's § 924(c) conviction is predicated on a valid crime of violence under the force clause of § 924(c)(3)(A). In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on

---

[6] *See, e.g., United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 140–41 (3d Cir. 2016); *United States v. Moreno*, 665 F. App'x 678, 681 (10th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016).

[7] The Court further notes no error occurred with respect to instructing the jury that the Hobbs Act robbery charged in Count One was a crime of violence.

the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236.

As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery is a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force. *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018). Accordingly, the Hobbs Act robbery charged in Count One, serves as a valid crime of violence predicate for the § 924(c) charge in Count Two.

### B. Tillery's Challenge to His Career Offender Designation

Tillery asserts that, in light of the decision in *Johnson*, his enhanced sentence under the USSG as a career offender is unconstitutional. Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

*United States Sentencing Guidelines Manual* § 4B1.1(a) (U.S. Sentencing Comm'n 2011). At the time of Tillery's sentencing, the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - -
>     (1) has as an element the use, attempted use, or threatened use of
>     physical force against the person of another [("the Force Clause");
>     or

7

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [("the Enumerated Offense Clause")], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [("the Residual Clause")].

*Id.* § 4B1.2(a) (emphasis added).

Initially, Tillery argues that he could not receive an enhanced sentence for Count One as a Career Offender because Hobbs Act robbery does not constitute a crime of violence. *See id.* § 4B1.1(a)(2). That argument lacks merit for the reasons discussed above. *See supra* Part II.A. Next, Tillery contends that *Johnson* invalidated the Residual Clause of § 4B1.2(a) and thus he no longer has two prior felony convictions for crimes of violence. "[T]he Supreme Court [has] concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citation omitted).[8] Thus, Tillery's challenges to his career offender designation lack merit and will be DISMISSED.

## III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 124) will be GRANTED. Tillery's claims and the action will be DISMISSED. Tillery's Motions to Supplement (ECF Nos. 129, 137, 139–41) will be GRANTED. The § 2255 Motion (ECF No. 103) will be DENIED. The Motion for Reduction (ECF No. 133) will be DENIED WITHOUT PREJUDICE. The Motion to Correct

---

[8] Tillery further argues that his Virginia convictions for robbery and eluding police (ECF No. 53, ¶ 43 fail to qualify as crimes of violence under USSG § 4B1.2's Force Clause or Enumerated Offense Clause. However, these challenges to his base offense level under the guidelines are not cognizable under 28 U.S.C. § 2255. *See United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances," an error in the application of the sentencing guidelines is not cognizable in a § 2255 motion).

(ECF No. 136) will be DENIED. Tillery's motions with respect to the appointment of counsel (ECF No. 138) and with respect to the Government's Motion for an Extension Time (ECF No. 123) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 9 May 2019
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge