IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

    Respondent,

v.

    Criminal No.    3:10CR223
    Civil Action No.    3:21CV356

**CARTER TILLERY,**

    Petitioner.

### MEMORANDUM OPINION

A jury convicted Carter Tillery of robbery affecting commerce, and using, carrying, and possessing a firearm in relation to a crime of violence. (ECF No. 46.) Thereafter, Tillery filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 85.) The Court denied Tillery's § 2255 Motion and dismissed his claims. (ECF Nos. 101, 102, 152, 153.) The matter is now before the Court on Tillery's Rule 60(b)(6) Motion. (ECF No. 170.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application

or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)).

Additionally, the Fourth Circuit has provided the following guidance in distinguishing a proper Rule 60(b) motion from an improper successive § 2255 motion:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (internal citation omitted).

Tillery does not raise procedural defects in this Court's § 2255 review process in his Rule 60(b)(6) Motion. Rather, he continues to challenge his underlying convictions. Tillery's Rule 60(b)(6) Motion must, therefore, be treated as a successive § 2255 motion. *See id.* Because the Fourth Circuit did not grant Tillery permission to file a successive § 2255 motion, the Rule 60(b)(6) Motion (ECF No. 170) will be DISMISSED for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Tillery has not satisfied this standard. Accordingly, a certificate of appealability will be DENIED.

An appropriate order shall issue.

/s/ John A. Gibney, Jr.
United States District Judge

Date: 4 June 2021
Richmond, Virginia